UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Priscilla Saunders and<br>Jason Branden,<br><br>   Plaintiffs,<br><br>vs.<br><br>Mayo Clinic,<br><br>   Defendant. | Civil Action No.:   13-CV-1972<br><br>**COMPLAINT –<br>JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs Priscilla Saunders and Jason Branden are deaf people who sought medical care at Mayo Clinic in Rochester, Minnesota. Plaintiffs were denied full and equal services and benefits by Defendant Mayo Clinic when Mayo repeatedly and deliberately failed to provide qualified American Sign Language (ASL) interpreters who could interpret accurately and effectively during Plaintiffs' prenatal care and neurology appointments. The Defendant's failure to use effective communication with deaf people in connection with the services it provided violated the anti-discrimination provisions of the Americans with Disabilities Act (42 U.S.C. §12101) *et. seq.* and Section 504 of the Federal Rehabilitation Act (29 U.S.C. §794). Plaintiffs seek declaratory and injunctive relief. They also seek compensatory and punitive damages permitted by law, as well as statutory attorneys' fees and expenses.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' case pursuant to 28 U.S.C. §1331 because this is an action arising under the laws of the United States. Plaintiffs seek declaratory and injunctive relief to redress the deprivation of rights secured them by the Americans with

Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794.

3. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiffs Priscilla Saunders and Jason Branden are domestic partners who reside in Minnesota.

5. Defendant Mayo Clinic is a hospital, organized as a nonprofit corporation in the state of Minnesota.

## **FACTS**

6. Plaintiff Priscilla Saunders is a person with a disability as that term is defined by the Americans with Disabilities Act and Section 504 of the Federal Rehabilitation Act. She is a deaf person.

7. The language in which Ms. Saunders receives and expresses information is American Sign Language (ASL). She uses qualified ASL interpreters to communicate effectively with hearing people in medical settings.

8. Plaintiff Jason Branden is a person with a disability as that term is defined by the Americans with Disabilities Act and Section 504 of the Federal Rehabilitation Act. He is a deaf person.

9. Mr. Branden's primary language is American Sign Language (ASL). He uses qualified ASL interpreters to communicate effectively with hearing people in medical settings.

10. Defendant, through its agents and representatives, knew that Plaintiffs were deaf.

11. Plaintiff Saunders gave birth to her first child in 2001. This delivery involved medical complications which lead to an emergency Cesarean section.

12. Plaintiffs learned they were pregnant with a second child in 2010. Plaintiffs Saunders and Branden had a strong desire to deliver their second child via vaginal birth. Due to the prior birth complications, Plaintiff Saunders' seizure disorder, and their desire for vaginal birth after cesarean (VBAC), Plaintiff Saunders' pregnancy was considered high risk. Plaintiffs were referred by their local medical clinic to Defendant for medical treatment and the delivery of their second child.

13. Plaintiff Saunders sought medical care from Defendant for her pre-natal and neurologic care from approximately July 2010 through January 2011.

14. Prior to November 2010, Defendant usually provided ASL interpreters who were qualified and able to interpret effectively for Plaintiff Saunders' neurological and prenatal medical appointments.

15. Beginning in November 2010, Defendant abruptly changed its policy of providing qualified interpreters for Plaintiff Saunders. From November 2010 and continuing through January 2011, Defendant provided staff interpreters who were not qualified and could not interpret accurately and effectively for Plaintiffs' medical appointments.

16. Plaintiffs repeatedly informed Defendant that they could not understand Defendant's staff interpreters when they interpreted and that the staff interpreters could not understand Plaintiffs when they signed in ASL.

17. Because she was afraid and anxious about the miscommunications she was experiencing with the repeated poor interpreting services, and concerned for her high-risk pregnancy and upcoming delivery, Plaintiff Saunders contacted Defendant's Language Department and requested a qualified interpreter for her subsequent appointments.

18. The Language Department stated it would arrange for a different and qualified interpreter, but continued to send the same staff interpreter to Plaintiff Saunders' appointments that could not interpret accurately or effectively.

19. In late November 2010, Plaintiffs called through a video relay service to Defendant's Language Department supervisor to explain the communication barriers they had experienced and to request a qualified sign language interpreter for subsequent appointments. Defendant refused to provide a different interpreter for Plaintiffs' next appointment.

20. On December 16, 2010, Plaintiff Saunders contacted Defendant's Language Department Manager to explain the communication barriers she was still experiencing with Mayo's healthcare physicians and she again requested that Defendant use qualified ASL interpreters for her remaining prenatal appointments and imminent high-risk delivery. Defendant refused to provide a different interpreter for the next appointment or to arrange for a different interpreter for any subsequent appointments.

21. On December 27, 2010, Plaintiff contacted Defendant's prenatal clinic to request a different interpreter for her appointment the next day, December 28, 2010.

22. On December 28, 2010, Plaintiffs appeared at their appointment to find Defendant's staff interpreter had once again appeared to interpret for their appointment. Plaintiffs attempted to communicate with the physician about the upcoming vaginal delivery and plan for natural induction. The staff interpreter told Plaintiffs that Plaintiff Saunders would have her cervical membranes stripped to induce labor at the next appointment, and therefore Plaintiffs should prepare for delivery on January 4, 2011.

23. On January 3, 2011, Plaintiffs contacted Defendant's prenatal clinic to request a qualified interpreter for their final prenatal appointment and delivery occurring on the next day, January 4, 2011.

24. On January 4, 2011, Defendant's Language Department administrative staff, including one male, entered Plaintiffs' prenatal exam room uninvited and without permission. Plaintiff Saunders asked all non-healthcare administrators to immediately exit her exam room. They refused and physically blocked Plaintiff Saunders from exiting the room.

25. On January 4, 2011, Plaintiff Saunders made a request for the staff interpreter to leave the appointment. Defendant required the staff interpreter to continue to provide ineffective interpreting services for her final prenatal care appointment.

26. During the appointment, Plaintiffs communicated with the healthcare physician their understanding that Plaintiff Saunders' cervical membranes would be stripped to induce labor that day. The healthcare provider denied inducing labor on January 4th and stated that he did not communicate his intent to induce her labor at the December 28, 2010 appointment.

27. Frustrated by the evidence of miscommunication by Defendant's ineffective interpreting services, and concerned for the potential miscommunication during a high-risk VBAC delivery, Plaintiff Saunders suggested they proceed with a cesarean section delivery.

28. Plaintiff Saunders asked Defendant to provide a qualified interpreter for her cesarean delivery instead of using the staff interpreter. Defendant refused to provide a different interpreter.

29. As a result of Defendant not providing effective communication to date or arranging for effective communication for the upcoming scheduled cesarean delivery, Plaintiffs

were forced to transfer to a different hospital two days before Plaintiffs delivered their second child.

30.     As a result of Defendant's refusal to provide effective communication, Plaintiff had to undergo a cesarean section delivery instead of a natural vaginal delivery, and suffered the physical pain associated with that method of delivery.

31.     As a result of Defendant's actions and its deliberate failure to provide effective communication, Plaintiffs were deprived of qualified interpreters and deprived of the full and equal use of, and benefit from, the programs, services and benefits which Defendant provides to non-disabled patients and companions.

32.     As a further result of Defendant's actions and failures to act, each Plaintiff suffered emotional injuries, including, but not limited to, fear, anxiety, humiliation, and embarrassment.

## CAUSES OF ACTION

### First Cause of Action
### Violation of the ADA

33.     Plaintiffs reallege the contents of Paragraphs 1 – 32 of this Complaint and incorporate their contents into this Cause of Action by reference.

34.     Defendant Mayo Clinic is an entity covered by Title III of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*).

35.     Defendant is responsible for operating, managing, and supervising the Mayo Clinic in Rochester, MN.

36.     The failure of defendant to provide appropriate auxiliary aids and services, including qualified ASL interpreters who could interpret accurately and effectively, necessary to

ensure effective communication with plaintiffs violated the prohibition against discrimination contained in Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*

37.     As a result of Defendant's actions, and its failures to act, Plaintiffs suffered the physical and emotional harm described in this Complaint.

## Second Cause of Action
## Violation of Section 504 of the Federal Rehabilitation Act

38.     Plaintiffs reallege the contents of Paragraphs 1 - 32 of this Complaint and incorporate them into this Cause of Action by reference.

39.     To the best of Plaintiffs' information and belief, Defendant receives funding from the U.S. Government and is, therefore, covered by Section 504 of the Federal Rehabilitation Act.

40.     The failure of Defendant to provide appropriate auxiliary aids and services, including qualified ASL interpreters who could interpret accurately and effectively, necessary to ensure effective communication with Plaintiffs, in connection with the services and benefits Defendant provided violated the prohibition against discrimination based on disability contained in Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794.

41.     As a result of Defendant's actions, Plaintiffs suffered the physical and emotional harm described in this Complaint.

## RELIEF REQUESTED

Plaintiffs therefore respectfully request that this Court:

1.     Issue a declaratory judgment, holding that Defendant's failure to provide qualified ASL interpreters to communicate with Plaintiffs violated the ADA and § 504 of the Federal Rehabilitation Act.

2. Issue an order directing Defendant to cease and desist from failing to provide appropriate auxiliary aids and services capable of ensuring effective communication with deaf people in connection with programs, services, and benefits it provides for healthcare services.

3. Direct Defendant to take affirmative action to ensure Defendant provides only qualified interpreters.

4. Direct Defendant to pay compensatory damages for the physical and emotional injuries Plaintiffs suffered as a result of Defendant's actions in an amount in excess of $75,000 to each Plaintiff.

5. Award Plaintiffs statutory attorneys' fees and expenses.

6. Award such other and further relief as the Court determines is reasonable and just.

**GILBERT LAW PLLC**

Dated: July 23, 2013.   s/ Heather Gilbert
Heather M. Gilbert, Esq. (0392838)
2800 Rice Street, Suite 152
Roseville, MN 55113
(612) 481-1076

**Attorney for Plaintiffs**

**ROB ROE LAW, LLC**

Dated:  July 23, 2013.   s/ Rob Roe
Rob Roe, Esq., (270246)
3254 Rice Street
St. Paul, MN 55126
(651) 766-5886

**Attorney for Plaintiffs**